UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | |
|---|---|
| KUNTA KENTA REDD, ) | |
| ) | |
| Petitioner, ) | Civil Case No. |
| ) | 0:21-cv-016-JMH |
| V. ) | |
| ) | |
| DAVID LEMASTER, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Kunta Kenta Redd is a federal inmate currently housed at the Federal Correctional Institution ("FCI")-Ashland located in Ashland, Kentucky. Proceeding without a lawyer, Redd has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence. [R. 1]. Redd did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914, nor did he file a motion to proceed *in forma pauperis*. Even so, the Court will proceed with conducting the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

I.

In August 2008, pursuant to a plea agreement with the United States, Redd pled guilty in the United States District Court for the Eastern District of North Carolina to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1). In July 2009, Redd was sentenced to a term of imprisonment of 324 months. Redd's conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. *See generally United States v. Redd*, No. 7:08-cr-043-D-1 (E.D.N.C. 2008).

In May 2011, Redd filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Redd's motion was dismissed in January 2013. Although Redd appealed, the Fourth Circuit denied his request for a certificate of appealability and denied Redd's appeal. In May 2014, Redd (represented by counsel), filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) seeking a reduction of sentence based on the 2010 retroactive amendments to the crack cocaine sentencing guidelines. *Id*. at R. 75. The sentencing court denied his motion for relief, stating that "[a]ssuming without deciding that Redd is eligible for relief under section 3582(c) and U.S.S.G. § 1B1.10(c), the court declines to exercise its discretion to reduce his sentence."

2

*Id.* at R. 76, at 1. The Fourth Circuit affirmed the district court's order on appeal. *Id.* at R. 84. Redd filed a second motion for a sentence reduction in February 2016, seeking relief under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. This motion was also denied.

On January 17, 2017, former President Barack Obama signed an Executive Grant of Clemency that commuted Redd's total sentence of imprisonment to a term of 188 months. *Id.* at R. 113. According to the Bureau of Prisons' "Inmate Locator" website, Redd's current projected date of release is July 1, 2022. *See* https://www.bop.gov/inmateloc/ (last accessed Feb. 2, 2021).

In February 2019, Redd filed a motion for a sentencing reduction under the First Step Act, first proceeding *pro se*, then represented by counsel. On April 3, 2020, the sentencing court denied Redd's motion, finding that, although the First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences retroactively applicable to defendants who committed their "covered offense" of conviction prior to August 3, 2010, the court retained discretion to determine whether to reduce Redd's sentence. The court stated that it reviewed the entire record and the relevant factors under 18 U.S.C. § 3553(a) and declined to reduce Redd's sentence. *Id.* at R. 170. The Fourth Circuit affirmed the sentencing court's decision in July 2020. *Id.* at R. 177.

3

Redd's petition for a writ of certiorari was denied by the United States Supreme Court. *Id*. at R. 181.

Redd has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. [R. 1]. In his petition, Redd claims that his sentencing Judge has failed to give him relief under the Fair Sentencing Act in violation of his Fifth Amendment Due Process rights, which he claims also violates his rights under the Eighth Amendment. However, having reviewed the petition, the Court must deny relief because Redd' claims are not cognizable in a § 2241 habeas corpus petition.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the legality of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the

4

legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed, such as Redd's challenge here. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, a prisoner may only proceed in this manner if he can show:  "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit further expressly limited its decision in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599.

Redd does not meet the foregoing requirements. First, he was sentenced in 2009, well after the Supreme Court's decision in *Booker* rendered the Guidelines advisory rather than mandatory. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January

6

2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Nor is Redd's sentence in excess of the statutory maximum for his offense. *See* 21 U.S.C. § 841(b)(1)(B) (providing that the statutory maximum sentence for a violation of § 841(a) involving 28 grams or more of cocaine base is not more than 40 years, or 480 months).

In addition, his § 2241 petition raises constitutional – not statutory – challenges to his sentence. Constitutional claims could and must have been asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h)(2); *see also In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) (noting that, under 28 U.S.C. § 2255(h), "[a] second or successive collateral attack is permissible only if the court of appeals certifies that it rests on (1) newly discovered evidence or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable."); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Redd does not point to any intervening change in statutory interpretation by the Supreme Court.

Finally, Redd cannot show that he had no prior reasonable opportunity to raise his argument for relief, as his claim for relief under the First Step Act was specifically considered and rejected by the sentencing court, affirmed by the Fourth Circuit, and Redd's petition for a writ of certiorari was denied by the Supreme Court. Because Redd cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

For all of these reasons, Redd's claims for relief are not cognizable in a § 2241 petition and, therefore, his petition will be denied.

Accordingly, the Court hereby **ORDERS** as follows:

(1) Redd's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) A corresponding Judgment will be entered this date.

This 3rd day of February, 2021.

8



Signed By:
<u>Joseph M. Hood</u>
Senior U.S. District Judge